Gareth Martinis v. Commissioner.
Martinis v. Commissioner
Docket No. 1672-68.
United States Tax Court
T.C. Memo 1969-243; 1969 Tax Ct. Memo LEXIS 51; 28 T.C.M. (CCH) 1265; T.C.M. (RIA) 69243; November 17, 1969, Filed Gareth Martinis, pro se, 3616 Henry Hudson Parkway, Bronx, N. Y. Marwin A. Batt, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's 1963 income tax in the amount of $246. The sole issues are whether petitioner is entitled to an exemption for his spouse and whether he is entitled to a dependency exemption for his son during the year in issue. Some of the facts are stipulated and are so found. The stipulation *52 and attached exhibit are incorporated herein by this reference. Petitioner resided in the Bronx, New York City, at the time his petition herein 1266 was filed. His individual income tax return for such year was filed with the district director of internal revenue, Manhattan, New York. Petitioner and his wife, Kathleen, lived together in a rented apartment in the Bronx during parts of the year 1963 and were residing there when their son, Keith, was born on March 14, 1963. Petitioner was employed successively by four construction companies during such year and his total income was $3,233.12 from which $444.33 Federal income taxes were withheld. He does not claim to have had savings, or to have made expenditures other than from his current eanings during such year. Except for relatively short periods of time when Kathleen stayed with her mother, Helen M. Dolan (hereinafter referred to as Helen), she lived with petitioner at their apartment until the first week in September at which time petitioner left home. Kathleen suffered from a heart condition, felt that she could not live alone with her baby and immediately thereafter moved to her mother's house which was also in the Bronx. *53 Keith Martinis, the baby, lived with his mother at all times during the year in issue. Petitioner spent $75 for rent of his family's apartment each month of the year in issue. He gave Kathleen $25 a week for food and all household expenditures for the period January 1 through the first week of September 1963. He paid a hospital bill of $100 incurred for Keith's birth on March 14 and after he had left home in September he sent Kathleen a total of $117 toward Keith's support during the remainder of the year. During 1963 Helen spent at least $720 for Kathleen's support and at least $500 for Keith's support and claimed dependency exemptions for each of them on her individual income tax return. We have allocated petitioner's rent payments, and food and household expenditures payments, between petitioner and Kathleen for the months of January, February and the first half of March. From that time forward through the first week of September we allocated such payments in equalthirds thirds between petitioner, Kathleen and Keith. We have allocated the $100 hospital expense equally between Kathleen and Keith and allocated the $117 support payments for Keith entirely to Keith. As a result, *54 we have concluded that petitioner contributed $608.50 and $458.73, respectively, toward the support of Kathleen and Keith during the year in issue. Petitioner contends that he continued the $75 a month rent payments on their apartment through the end of the year in issue and should be credited with these amounts. He testified, however, that he did not return to the apartment or even telephone after having left in September until early 1964 or late 1963, and did not even know that his wife and son were no longer living there. Coupling this with the circumstance of Kathleen's heart condition, which made her fearful of living alone, we have concluded that no such credit is allowable. Under section 151(b) [1] a taxpayer is entitled to an exemption for his spouse only if such spouse is not the dependent of another taxpayer. A dependent as defined by section 152(a) is an individual (including a daughter) over half of whose support for the year in issue was received from the taxpayer. It follows that petitioner is not entitled to the exemption for Kathleen absent proof that another, in this case Helen, did not furnish over half of Kathleen's support. *55 Petitioner made no attempt to prove what amounts had been so spent by Helen and has thus failed his burden. Helen was called as a witness by respondent and, totaling only the major items from her testimony, we have found that she contributed at least $720 towards Kathleen's support. Under section 152(a) it is petitioner's burden to prove that he contributed over half of Keith's support in order to be able to claim him as a dependency exemption. Again petitioner made no attempt to prove what amounts had been spent for Keith's support by others and has again failed his burden. We note however the major items testified to by Helen totaled over $500 and we have so found. It follows that, Decision will be entered for the respondent. 1267 Footnotes
1. All references are to the Internal revenue Code of 1954.↩